The evidence for plaintiff tends to prove that his driver, Arthur Johnson, approached defendant's tracks at Statesville with a view to crossing; that the watchman signaled him to cross, and as he was driving across, the yardmaster (580) hit the mules in the face and tried to stop them, and that in consequence they were injured by a train. Plaintiff contends that if the yardmaster had not interfered, his team would have safely crossed.
The defendant's evidence tends to prove that the watchman signaled the driver to stop before he started across the tracks; that he did not heed the signal; that when the yardmaster attempted to stop and turn the mules, the driver whipped them up, in consequence of which the approaching train ran into them.
It is contended that his Honor should have submitted an issue as to the last clear chance. Upon the evidence in this case and the contentions of the parties, we do not think the issue is raised. If it was, however, the plaintiff failed to tender the issue and except to those submitted.
The plaintiff excepted to the charge of the court upon the second issue, which is as follows: "Now, the defendant contends that if you should find that the defendant was negligent, if you should find that it signed, or invited the plaintiff's driver, Johnson, to come on with the wagon and team, that still plaintiff's servant was guilty of contributory negligence; when he was on the main track, when they tried to stop him — the evidence, you will remember, tends to show that the plaintiff Johnson was on the middle track, the main track; *Page 468 
that Garrison jumped off the car and ran and hit the mules in the face with his hat, caught hold of one of them, and the flagman ran around with his flag trying to flag them down; the evidence tends to show that the driver of plaintiff's team put whip to them and forced them on. If you find that to be a fact, notwithstanding the negligence of the defendant, if you find that the defendant was negligent; if you further find that, notwithstanding the defendant's negligence, the plaintiff could have avoided the injury by assisting the flagman and Garrison to stop the mules and not whip them, and if you find that his putting whip to the mules and not trying to stop is the proximate cause, the burden being on the defendant to show by the greater weight of the evidence, it would be your duty to answer the second issue `Yes.' If you do not find that it was the negligence on the (581) part of Johnson, the driver, why you would answer the second issue `Yes.'"
It may be that his Honor inadvertently used the word "Yes" at close of the above paragraph, and intended to use the word "No." But we are bound by the record.
If the evidence offered by the defendant is believed, the driver Johnson was guilty of very gross negligence which directly caused the injury and would bar a recovery; but this evidence was controverted by plaintiff.
The instruction of the court, as appearing in the record, was tantamount to directing a verdict. He charged, substantially: "If you do not find that Johnson was guilty of negligence, you will answer second issue `Yes.'" This is manifest error and entitles plaintiff to another trial. We doubt not that the record is erroneous, or else that it was a lapsus lingua upon the part of the careful and painstaking judge; but it appears so in the record, and we are bound by it. It is our duty to state that the case on appeal was agreed to by counsel and not submitted to the judge.
New trial.
(582)